# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PELICAN TUG CO., L.L.C. | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO: 3:07-CV-00434 |
| AMERICAN HOME ASSURANCE COMPANY | § § § § § § | |
| Defendant. | § | |

## THIRD AMENDED ORIGINAL COMPLAINT FOR DECLARATORY AND AFFIRMATIVE RELIEF

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Pelican Tug Company, L.L.C. (hereinafter, "PTC"), pursuant to 28 U.S.C. § 2201, files this Third Amended Original Complaint for Declaratory and Affirmative Relief against Defendant, American Home Assurance Company seeking construction of a certain insurance policy issued to PTC, and seeking declaration that American Home Assurance Company has a duty to provide coverage to PTC to the full extent of the Policy for losses which occurred on or about May 22, 2007, on account of the partial sinking of the M/V "Robyn S", a vessel owned by Plaintiff, PTC and which was on the schedule of insurance issued by Defendant, American Home Assurance Company. A true and correct copy of the Insuring Agreement between PTC and American Home Assurance Company is attached hereto as Exhibit "A" and incorporated as if fully set forth herein. PTC further seeks damages from American Home Assurance Company for its failure to honor contractual obligations, including payment for the losses

and damages sustained by PTC, as well as its legal and contractual obligations in this matter. In support of its Complaint, PTC respectfully would show unto this Honorable Court as follows:

### PARTIES

1. PTC is a Texas corporation maintaining its principal place of business in the State of Texas.

2. American Home Assurance Company (hereinafter, "American Home") is incorporated under the laws of the State of New York, having its principal place of business in the State of New York. American Home issued and delivered a Hull and Machinery; Protection and Indemnity policy to PTC in the State of Texas pursuant to the laws of Texas. It may be served with process by serving its counsel of record, Mr. Jeffrey R. Bale, BALE & GODKIN, LLP, 1600 Highway 6 South, Sugar Land, Texas 77478.

### JURISDICTION

3. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) because there exists complete diversity of citizenship between PTC and American Home and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

### VENUE

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(a). PTC resides in this Judicial District, where it maintains its principal business office. Further, a

substantial part of the events or omissions giving rise to the insurance claim at issue occurred in this Judicial District.

## FACTS

5. American Home issued a Hull and Machinery Insurance Policy, No. 49476 (the "Policy") to Pelican Refining Co., LLC ("PRC") and by endorsement to Pelican Tug Co., LLC ("PTC") for the period of September 29, 2006 to September 29, 2007. In consideration for this policy, PTC paid, and American Home accepted, an additional premium in the amount of $51,068.00 to add the "M/V Robyn S", an uninspected towing vessel (or tugboat) to the schedule of insurance by an endorsement dated January 4, 2007.

6. At the time of the execution of the endorsement dated January 4, 2007, PTC and American Home indicated in the policy that the AGREED VALUE of the M/V "Robyn S" was $400,000.00, and this AGREED VALUE determined by the parties was the basis for the additional premium charged for the addition of the M/V "Robyn S" to the schedule of insurance.

7. On or about May 22, 2007, the M/V "Robyn S" partially sank while in the Continental Dredging Fleeting Dock Area. The "Robyn S" had pushed Barge 230 and itself to this area prior to the incident. At the time of the partial sinking, the M/V "Robyn S" was tied to Barge 230, which in turn was moored to another barge that was also moored to a dock within this area. Such occurrence was the result of perils insured against under the Policy. PTC made a claim for coverage under the policy for the loss and damages sustained by the "Robyn S".

8. American Home has refused to satisfy its duty to provide coverage for damages to the M/V "Robyn S" following the May 22, 2007 occurrence.

9. PTC would show the Court that the Policy affords coverage for the claims asserted as a result of the incident on May 22, 2007, pursuant to the following relevant provisions:

**PERILS**

> Touching the Adventures and Perils which the Underwriters are contented to bear and take upon themselves, they are of the Seas, Men-of-War, Fire, Lightning, Earthquake, Enemies, Pirates, Rovers, Assailing Thieves, Jettisons, Letters of Mart and Counter-Mart, Surprisals, Takings at Sea, Arrests, Restraints and Detainments of all Kings, Princes and Peoples, of what nation, condition or quality soever, Barratry of the Master and Mariners and of all other like Perils, Losses and Misfortunes that have or shall come to the Hurt, Detriment or Damage of the Vessel, or any part thereof, excepting, however, such of the foregoing perils as may be excluded by provisions elsewhere in the Policy or by endorsement thereof.

*****

**ADDITIONAL PERILS (INCHMAREE)**

> Subject to the conditions of this Policy, this insurance also covers loss of or damage to the Vessel directly caused by the following:
>
> > ...Accidents in loading, discharging, or handling cargo, or in bunkering;
> >
> > ...Accidents in going on or off, or while on drydocks, graving docks, ways, gridirons or pontoons;
> >
> > Breakdown of motor generators or other electrical machinery and electrical connections thereto, bursting of boilers, breakage of shafts, or any latent defect in the machinery or hull, (excluding the cost and expense of replacing or repairing the defective part)....
> >
> > ...Negligence of Charterers and/or Repairers, provided such Charterers and/or Repairers are not an Assured hereunder;
> >
> > ...Negligence of Masters, Officers, Crew or Pilots....
>
> Provided such loss or damage has not resulted from want of due diligence by the Assured, the Owners or Managers of the Vessel, or any of them.
>
> Masters, Officers, Crew or Pilots are not to be considered Owners within the meaning of this clause should they hold shares in the Vessel.

10. PTC will show that the loss was covered under the subject policy and that American Home's refusal to provide coverage for the loss and/or damages suffered by the M/V "Robyn S" is unwarranted and in violation of the Agreement between the parties. PTC

seeks a declaration that its claims arising out of the incident on May 22, 2007 is a covered loss under the Policy issued by American Home.

### REQUEST FOR DECLARATORY JUDGMENT

11.     All factual allegations set forth in paragraphs 1 through 10 are incorporated herein by reference. A real controversy has arisen and now exists between PTC and American Home, within the jurisdiction of this Court and involving the rights and liabilities of these parties under the above-referenced contract of insurance, which controversy may be determined by the judgment of this Court, without other suits.

### BAD FAITH

12.     All factual allegations set forth in paragraphs 1 through 11 are incorporated herein by reference.

13.     At the time of the partial sinking, there existed a valid contract between PTC and American Home that created a duty of good faith and fair dealing. Defendant, American Home owed PTC a duty of good faith and fair dealing in handing PTC's claim for damages on account of the occurrence which occurred on May 22, 2007.

14.     American Home has breached its duty of good faith and fair dealing under its insurance policy in the handling of PTC's claim, including but not limited to, refusing to cover the damages and losses on account of the partial sinking of the M/V "Robyn S". Even more specifically, American Home breached its duty to PTC when it denied payment when liability under the contract was reasonably clear or should have been reasonably clear.

15. American Home's breach of its duty of good faith and fair dealing directly and proximately caused injury to PTC in the form of general and special damages. PTC's damages include loss of policy benefits, loss of property value, salvage costs, out of pocket expenses, court costs and attorneys' fees. In addition, the conduct of the Defendant, American Home was so malicious, intentional, fraudulent and/or grossly negligent as to give rise to the imposition of exemplary damages.

### BREACH OF CONTRACT

16. All factual allegations set forth in paragraphs 1 through 15 are incorporated herein by reference. PTC and American Home had a valid, enforceable contract of insurance for the property losses suffered by PTC. PTC performed all its contractual obligations and met all conditions precedent for enforcement of the contract of insurance. Regardless of its legal and moral obligations under the contract, American Home improperly denied PTC's valid claim, and improperly denied PTC coverage under the subject insurance policy.

17. In refusing to pay the contractual policy benefits for the loss of PTC's property, American Home has repudiated and breached the insurance policy herein at issue. As a result, PTC has suffered damages and has become entitled to maintain this action against American Home for a material breach of said contract of insurance. Defendant, American Home has breached its contract of insurance with PTC by:

 a. Failing to pay benefits to PTC;

 b. Failing to abide by the terms and conditions of the contract;

 c. Failing to timely and properly investigate PTC's claims; and

 d. Failing to pay PTC's valid claim promptly pursuant to its insurance policy.

PTC seeks damages in excess of the minimum jurisdictional limits of this Court for such breaches of the contract of insurance.

### VIOLATIONS OF THE TEXAS INSURANCE CODE

18. All factual allegations set forth in paragraphs 1 through 17 are incorporated herein by reference.

19. PTC is an insured for purposes of the Texas Insurance Code, which has sustained damages caused by American Home's practices that have been declared to be unfair under the Texas Insurance Code.

20. Following the loss of the insured property, PTC gave timely and proper notice to American Home of its claim. In response to the notice of the claim, American Home wholly failed to investigate the claim and then denied said claim based on faulty information.

21. Defendant, American Home has defaulted on its obligations under the terms of its policy and has not handled PTC's claim fairly and in good faith, causing injury to PTC in the form of general and special damages, and justify an award of punitive or exemplary damages in favor of FMMG.

22. The conduct and actions of Defendant, American Home constitute violations of the express provisions of Tex. Ins. Code §541.060 thereby allowing PTC to recover the amount of its claim along with statutory damages and attorney's fees. PTC asserts this as a cumulative cause of action.

### DAMAGES

23. As a result of the conduct of American Home, PTC has been damaged in a sum in excess of the minimal diversity jurisdictional limits of the Court. PTC has incurred

damages including, but not limited to, loss of the property, loss of the value of the property, loss of the use of the property, the loss of contractual benefits, loss of the premium paid, out of pocket expenses, litigation expenses, and loss of the benefit of the bargain.

24. PTC also rightfully seeks recovery of exemplary, punitive, additional and any and all other damages as allowed and defined by statute or common law for the knowing, outrageous and egregious conduct of Defendant.

25. In addition, PTC hereby makes demand of Essex to pay all costs of court related to the prosecution of this matter in addition to prejudgment and post-judgment interest.

### ATTORNEY'S FEES

26. PTC, as a result of the foregoing allegations against Defendant, was forced to employ the services Galloway, Johnson, Tompkins, Burr & Smith to protect and prosecute its interests and claims in this matter. PTC seeks recovery of its reasonable and necessary attorney's fees for the prosecution of this case, all necessary original pleadings, and all related appellate matters.

### JURY DEMAND AND PRAYER

27. PTC requests a jury trial.

28. PTC prays that American Home takes notice of its rightful and meritorious claims and answer herein, and that upon final trial of this matter, PTC have:

    a. Judgment against the American Home for a reasonable and just sum;

    b. Judgment for all exemplary, punitive, additional, and any and all other damages as allowed and defined by statute or common law for the conduct of the American Home;

c.  Judgment for all prejudgment and post-judgment interest for which PTC may show itself justly entitled and at the maximum legal rate allowable by law;

d.  Judgment for reasonably and necessary attorney's fees;

e.  Judgment for all costs of court; and

f.  Judgment for all such further relief, whether at law or in equity, to which the Plaintiff may show itself to be so justly entitled.

                Respectfully submitted,

                **/s/ Lynne J. Shannon**

                James M. Tompkins
                (Attorney-in charge)
                    Federal Bar No. 15800
                    State Bar No. 00785534

<u>OF COUNSEL</u>
Lynne Jurek Shannon
Federal Bar No. 15489
State Bar No. 11059250
GALLOWAY, JOHNSON, TOMPKINS,
  BURR & SMITH
1301 McKinney, Suite 1400
Houston, TX 77010
Telephone: (713) 599-0700
Telecopier: (713) 599-0777

                ATTORNEYS FOR PLAINTIFF,
                PELICAN TUG CO., LLC

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been forwarded to the following attorneys of record by U.S. certified mail, return receipt requested, on this the 22nd day of September 2008.

Mr. Jeffrey R. Bale
Mr. Gene Henderson
BALE & GODKIN, LLP
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478

                                                Lynne J. Shannon
                                                Ian F. McNeill