IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PELICAN TUG CO., L.L.C.<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | C.A. No. 3:07-CV-00434 |
| AMERICAN HOME ASSURANCE CO.<br>Defendant | §<br>§<br>§ | |

**ORIGINAL ANSWER OF DEFENDANT,
AMERICAN HOME ASSURANCE COMPANY
TO PLAINTIFF'S THIRD AMENDED
ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **American Home Assurance Company**, the Defendant in this cause, and files its Original Answer to Plaintiff's Third Amended Original Complaint for Declaratory Relief and as grounds in support thereof respectfully asserts the following:

**FIRST DEFENSE**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant asserts that the Plaintiff's Third Amended Original Complaint for Declaratory Relief fails to state a claim upon which relief can be granted as to this Defendant.

**SECOND DEFENSE**

Subject to the defense raised hereinabove in accordance with Rule 12(b) of the Federal Rules of Civil Procedure, Defendant responds to the individually enumerated paragraphs of the Plaintiff's Third Amended Original Complaint for Declaratory Relief as follows:

1. Defendant is without sufficient information or knowledge so as to form a belief as to the truthfulness of the allegations contained in paragraph No. 1 of Plaintiff's Third Amended Original Complaint for Declaratory Relief.

**EXHIBIT A**

2. Defendant admits that it is incorporated under the laws of the State of New York and maintains it principal place of business in the State of New York. Defendant admits that it issued Policy No. 49476, which provides for hull and machinery and protection and liability coverage, to Pelican Refining Co., LLC, Pelican 230 Co., LLC and Pelican 240 Co., LLC, and that this policy was delivered to the insureds in the State of Texas. Defendant further admits that Endorsement No. 2, dated January 3, 2007, was amended by Amended Endorsement No. 2 dated January 4, 2007, to state that the named insured for the M/V Robyn "S" is Pelican Tug Company, L.L.C. Defendant is not required to answer the remaining allegations of paragraph No. 2 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief, but to the extent that it is, they are denied.

3. Defendant admits the allegations contained in paragraph No. 3 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

4. Defendant admits the allegations contained in paragraph No. 4 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

5. Defendant admits the allegations contained in paragraph No. 5 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief, except that Endorsement No. 2 is dated January 3, 2007, and that it was amended by Amended Endorsement No. 2 dated January 4, 2007, to state that the named insured for the M/V Robyn "S" is Pelican Tug Company, L.L.C.

6. Defendant admits the allegations contained in paragraph No. 6 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief, except that Endorsement No. 2 is dated January 3, 2007, and that it was amended by Amended Endorsement No. 2 dated January 4, 2007, to state that the named insured for the M/V Robyn "S" is Pelican Tug Company, L.L.C. Defendant is without sufficient information or knowledge so as to form a belief as to the

truthfulness of the remaining allegations contained in paragraph No. 6 of Plaintiff's Third Amended Original Complaint for Declaratory Relief, and therefore they are denied.

7. Defendant admits that the M/V Robyn "S" partially sank on or about May 22, 2007, while it was tied to Barge 230 at the Continental dredging Dock area and that Plaintiff made a claim for coverage under Policy No. 49476. Defendant is without sufficient information or knowledge so as to form a belief as to the truthfulness of the allegations contained in the remainder of paragraph No. 7 of Plaintiff's Third Amended Original Complaint for Declaratory Relief, and therefore they are denied. Defendant specifically denies that Policy No. 49476 provides coverage for the occurrence.

8. Defendant denies the allegations contained in paragraph No. 8 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

9. Defendant denies the allegations contained in paragraph No. 9 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

10. Defendant denies the allegations contained in paragraph No. 10 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

11. Defendant is not required to re-answer the allegations incorporated by reference in paragraph No. 11 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief, but to the extent that it is, Defendant's responses to Plaintiff's previous allegations are incorporated herein by reference.

12. Defendant is not required to re-answer the allegations incorporated by reference in paragraph No. 12 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief, but to the extent that it is, Defendant's responses to Plaintiff's previous allegations are incorporated herein by reference.

13. Defendant admits that a contract of insurance (Policy No. 49476) had been issued covering the Robyn "S," and that the contract and the law imposes certain obligations on each party to the contract and that Defendant complied with its contractual and legal obligations. Otherwise, the allegations contained in paragraph No. 13 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief are purely legal in nature and do not require a response.

14. Defendant denies the allegations contained in paragraph No. 14 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

15. Defendant denies the allegations contained in paragraph No. 15 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

16. Defendant is not required to re-answer the allegations incorporated by reference in paragraph 16 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief, but to the extent that it is, Defendant's responses to Plaintiff's previous allegations are incorporated herein by reference. Defendant admits that a contract of insurance (Policy No. 49476) had been issued covering the Robyn "S," and that the contract and the law imposes certain obligations on each party to the contract and that Defendant complied with its contractual and legal obligations. Defendant denies the remaining allegations contained in paragraph No. 16 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

17. Defendant denies the allegations contained in paragraph No. 17 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

18. Defendant is not required to re-answer the allegations incorporated by reference in paragraph No. 18 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief,

but to the extent that it is, Defendant's responses to Plaintiff's previous allegations are incorporated herein by reference.

19. Defendant denies the allegations contained in paragraph No. 19 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

20. Defendant denies the allegations contained in paragraph No. 20 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

21. Defendant denies the allegations contained in paragraph No. 21 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief. Further, Defendant denies any knowledge, understanding or appreciation of the reference to "FMMG" in this paragraph.

22. Defendant denies the allegations contained in paragraph No. 22 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

23. Defendant denies the allegations contained in paragraph No. 23 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

24. Defendant denies the allegations contained in paragraph No. 24 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief.

25. Defendant denies the allegations contained in paragraph No. 25 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief. Further, Defendant denies any knowledge, understanding or appreciation of the reference to "Essex" in this paragraph.

26. Defendant denies the allegations contained in paragraph No. 26 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief and further denies that Plaintiff is entitled to damages sought therein.

27. Defendant denies that Plaintiff is entitled to a jury as sought in paragraph No. 27 of the Plaintiff's Third Amended Original Complaint for Declaratory Relief. Plaintiff's demand

for a jury is not timely as it has not been raised prior to the filing of its Third Amended Original Complaint. A party's jury demand is timely if served within ten days after the defendant's answer to the complaint. FED.R.CIV.P. Rule 38(b)(1); *McAfee v. Martin*, 63 F.3d 436, 437 (5th Cir. 1995). If the amended complaint adds additional claims based on the same facts as the original complaint, it does not revive the time to demand a jury. *Irwin v. Airco Carbide*, 837 F.2d 724, 727 (6th Cir. 1987). An amended pleading that does not introduce new issues of fact is insufficient to renew a party's waived right to a jury trial. *Guajardo v.* Estelle, 580 F.2d 748, 752-53 (5th Cir. 1978).

28. Defendant denies that the Plaintiff is entitled to the relief prayed for in paragraph No. 28 of its Third Amended Original Complaint for Declaratory Relief.

**THIRD DEFENSE**

Answering further, Defendant asserts the following affirmative defenses in regard to its ostensible liability in this matter:

29. For further answer, if any be necessary, and without waiving the foregoing, Defendant asserts that at all times relevant it exercised good faith and due diligence, and that the alleged damage to the M/V Robyn "S" was caused by acts of God, latent defects, conditions, including without limitation the unseaworthiness of the M/V Robyn "S," perils, and/or by a party or third parties for whom Defendant is not legally responsible and over which this Defendant has no control or right of control. Defendant further asserts that it is entitled to contribution/indemnity for any damages actually caused by those parties.

30. For further answer, if any be necessary, and without waiving the foregoing, Defendant asserts that the alleged damage to the M/V Robyn "S" was caused by the insufficient care, maintenance and upkeep of the M/V Robyn "S" and its tackle and appurtenances by

Plaintiff and/or other entities for whom this Defendant is not legally responsible and over which this Defendant has no control or right of control.

31. For further answer, if any be necessary, and without waiving the foregoing, Defendant asserts that, in its application for insurance coverage for the M/V Robyn "S," Plaintiff knowingly and/or fraudulently misrepresented material facts regarding the crewing and intended use and operation of the M/V Robyn "S," that such misrepresentations were knowingly and/or fraudulently made to induce Defendant to insure the M/V Robyn "S," that Defendant relied upon such misrepresentations to its detriment, that such knowing and/or fraudulent misrepresentations are directly related to the unseaworthy conditions that resulted in the incident complained of in this lawsuit, and that such knowing and/or fraudulent misrepresentations by the Plaintiff are a reasonable basis for denying coverage.

32. For further answer, if any be necessary, and without waiving the foregoing, Defendant asserts that the damage to the M/V Robyn "S" was caused with the actual fault and privity of Plaintiff.

33. For further defense, if such be necessary, and without waiving the foregoing, Defendant asserts that the unseaworthy condition of the M/V Robyn "S" was not disclosed to Defendant at relevant times, that such condition was known to Plaintiff at the time it applied for insurance coverage for the M/V Robyn "S," that such unseaworthy conditions are causally related to the incident complained of in this lawsuit and for which Defendant is not legally responsible, and that such misrepresentations and/or fraud in the inducement by the Plaintiff is a reasonable basis for denying coverage.

34. For further defense, if such be necessary, and without waiving the foregoing, Defendant asserts that it had a right to investigate the cause or causes of the partial sinking of the

M/V Robyn "S" and that its decision to deny coverage was based on the objective and reliable findings and conclusions of the investigation by expert marine surveyors and on advice of counsel.

35. For further defense, if such be necessary, and without waiving the foregoing, Defendant also alleges that the Plaintiff caused or contributed to its own injuries and damages in that it failed to exercise that degree of care imposed upon it in law, thus rendering Plaintiff comparatively negligent, such that any claims asserted herein by Plaintiff should be reduced and/or barred in consequence thereof and in proportion thereto.

36. For further defense, if such be necessary, and without waiving the foregoing, Defendant also alleges that the loss sustained by Plaintiff was excluded from coverage under Policy No. 49476 in that it occurred as a result of Plaintiff's failure to exercise due diligence.

37. The claims asserted by Plaintiffs herein are all subject to the express terms and conditions of American Home Assurance Company policy No. 49476, effective September 29, 2006, through September 29, 2007, and that coverage for the M/V Robyn "S" was bound by Endorsement No. 2 to that policy, effective on December 29, 2006. Moreover, the damages sought by Plaintiff herein are subject to the limitations, exclusions, and deductibles under the policy in question. Pleading specifically, Defendant asserts that:

a. The "Broker's Clause" appearing in the General Conditions on page 5 of the policy states that, "It is a condition of this policy, and it is hereby agreed that the Assured's Broker or any substituted Brokers, shall be deemed to be exclusively the Agents of the Assured and not of this company in any and all matters relating to connected with or affecting this insurance." In this regard, Plaintiff has alleged that the insurance broker that placed the insurance coverage for the M/V Robyn "S" was an agent of the Defendant, but any and all brokers who sought or obtained insurance coverage for Plaintiff on the M/V Robyn "S" were Plaintiff's agents.

b. The "Additional Perils (Inchmaree)" Clause appearing in Section I (Hull and Machinery) on page 11 of the policy provides that losses from various causes, including, without limitation, "the breakdown of motor generators or other electrical machinery and electrical connection thereto . . . or any latent defect in the machinery or hull," or the negligence or charters, repairers, masters, officers crew and pilots are payable unless resulting from the "want of due diligence by the Assured, the Owners or managers of the Vessel, or any of them." Any and a losses claimed by Plaintiff that may fall within the scope of this paragraph resulted from negligence and/or the failure to exercise due diligence attributable to the Plaintiff and/or the managers, charters, repairers, masters, officers crew and pilots of the M/V Robyn "S."

c. The Pollution Exclusion and Buy Back Endorsement Clause appearing in Section II (Protection and Indemnity) on page 32 of the policy provides that "[t]his section will not indemnify the assured against any sum(s) paid, nor insure against any liability, with respect to any loss, damage, cost, liability, expense, fine or penalty of any kind or nature whatsoever, and whether statutory or otherwise, incurred by or imposed on the assured, directly or indirectly, in consequence, or with respect to, the actual or potential discharge, emission, spillage, or leakage upon or into the seas, waters, land or air, of oil, petroleum products, chemicals or other substances of any kind or nature whatsoever." Plaintiff alleges a right to recover costs and expenses in connection with the pollution caused by the M/V Robyn "S," as well as the fines and penalties imposed on Plaintiff by the Texas General Land Office, all of which are excluded from coverage.

d. A Deductible of $25,000 is applicable to the claims asserted by Plaintiff and appears on page 10 of the policy and on Endorsement No. 2 of the policy, as amended (effective December 29, 2006).

38. For further answer, if any be necessary and without waiving the foregoing, Defendant asserts that Plaintiff has waived and/or is estopped from asserting the claims and causes of action asserted by it herein by virtue of its stipulation and/or admission against interest as to the cause of the incident forming the basis of this lawsuit as established by the Texas General Land Office.

39. For further answer, if any be necessary and without waiving the foregoing, Defendant asserts that Plaintiff has failed to mitigate its alleged damages.

40. For further answer, if any be necessary and without waiving the foregoing, Defendant asserts the rescission of its policy of insurance policy No. 49476 is warranted insofar as it pertains to the M/V ROBYN S due to its unseaworthiness at the inception of the policy and/or due to the material misrepresentations made by Plaintiff and relied upon by Defendant on the application for the insurance coverage for the M/V ROBYN S. If the finder of fact determines that rescission of the policy is warranted as Defendant alleges, then, if necessary, Plaintiff should be awarded the return of the premium paid in consideration of coverage under the policy.

41. In the alternative and without waiving the foregoing, Defendant asserts the rescission of its policy of insurance policy No. 49476 is warranted insofar as it pertains to the M/V ROBYN S due the mutual mistake of a material fact by the parties as to the seaworthiness of the M/V ROBYN S at the inception of the policy. If the finder of fact determines that rescission of the policy is warranted as Defendant alleges, then, if necessary, Plaintiff should be awarded the return of the premium paid in consideration of coverage under the policy.

WHEREFORE, PREMISES CONSIDERED, Defendant, **American Home Assurance Company**, prays that Plaintiff's Third Amended Original Complaint for Declaratory Relief be dismissed, or in the alternative that upon final hearing hereof, judgment be entered that Plaintiff take nothing by its suit, that Defendant be awarded its costs incurred in defense of this action and for all other and further relief, both in law and in equity, as this Honorable Court may deem just.

Respectfully submitted,

*//s// Jeffrey R. Bale*

Jeffrey R. Bale
Attorney in Charge
State Bar No. 01629800
Federal I.D. 3324
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Telephone: (281) 295-6000
Facsimile: (281) 295-6010
Email: jbale@balelawfirm.com
*Counsel for Defendant,*
*American Home Assurance Company*

OF COUNSEL:
Lewis E. Henderson
State Bar No. 09424750
Fed. I.D. No. 15230
THE BALE LAW FIRM, PLLC
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Telephone: (281) 295-6000
Facsimile: (281) 295-6010
Email: lhenderson@balelawfirm.com
*Counsel for Defendant,*
*American Home Assurance Company*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am a member of THE BALE LAW FIRM, PLLC, attorneys for the Defendant herein, and that I have provided a copy of the foregoing to all counsel of record via the ECF Filing System this **20th** day of **July, 2009**.

Mr. James M. Tompkins
Ms. Lynne Jurek Shannon
Mr. Ian F. McNeill
Galloway, Johnson, Tompkins, Burr & Smith
1301 McKinney, Suite 1400
Houston, TX 77010
*Attorneys for Plaintiff,*
*Pelican Tug Co., L.L.C.*

*//s// Jeffrey R. Bale*
Jeffrey R. Bale